# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6416 | **DATE** | January 4, 2008 |
| **CASE TITLE** | Tony Flowers (2006-0083015) v. James Comroe | | |

**DOCKET ENTRY TEXT:**

Plaintiff Tony Flowers' motion for leave to file *in forma pauperis* [4] is granted. The court authorizes the trust fund officer at the Cook County Jail to deduct $5.40 from plaintiff's account, and to continue making deductions in accordance with this order until the entire $350 filing fee is paid. Plaintiff's motion for the appointment of counsel [3] is denied without prejudice. Pursuant to 28 U.S.C. § 1915A, the court dismisses the claims against defendants Assistant State's Attorney James Comroe and Maryanne Planey, and these defendants are terminated as parties to this action. Plaintiff may proceed with his false arrest claims against defendants P. Magnine and Detective Ward. Plaintiff's claim of malicious prosecution is dismissed. The United States Marshal's Service is appointed to serve defendants P. Magnine and Ward. The clerk shall send a copy of this order to Supervisor of Trust Fund Accounts at the Cook County Jail, and shall mail to plaintiff Instructions for Submitting Documents in this Court, along with a copy of this order.

■ [**For further details see text below.**]    Docketing to mail notices.

## STATEMENT

The court finds that plaintiff, Tony Flowers, currently incarcerated at Cook County Jail, is unable to prepay the filing fee, and grants his motion to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), the court assesses an initial partial filing fee of $5.40. The supervisor of inmate trust accounts at the Cook County Jail is authorized to collect, when funds exist, the partial filing fee from plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer at the facility where plaintiff is confined is authorized to collect monthly payments from plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, 20th floor, and shall clearly identify plaintiff's name and the case number assigned to this action. The Cook County Jail inmate trust account office shall notify authorities of any outstanding balance in the event plaintiff is transferred to another facility.

Under 28 U.S.C. § 1915A, the court is required to conduct a preliminary review of a complaint brought by an inmate, and dismiss the complaint, or any claim therein, if the court determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Under its preliminary review, the court dismisses plaintiff's claims against Assistant State's Attorneys James Comroe and Maryanne Planey and the claim of malicious prosecution. **(CONTINUED)**

isk

**STATEMENT (continued)**

Plaintiff alleges that the prosecutors and police officers falsely accused plaintiff of threatening in a phone message to kill his wife, which also violated a protection order against plaintiff. He states that the defendant police officers arrested him without investigating the alleged threat. Plaintiff seeks monetary damages and for this court to dismiss state criminal charges currently pending against him.

Plaintiff's complaint seeks damages against the Assistant State's Attorneys based upon their conduct associated with plaintiff's criminal proceedings. "Prosecutors are absolutely immune from suits for monetary damages under § 1983 for conduct that is intimately associated with the judicial phase of the criminal process." *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003), *citing Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *Redwood v. Dobson,* 476 F.3d 462, 466 (7th Cir. 2007). The Assistant State's Attorneys are thus immune from suit in this case. Additionally, this court does not interfere with an ongoing criminal proceeding absent extraordinary circumstances, which plaintiff cannot show. *State v. Haws*, 131 F.3d 1205, 1210 (7th Cir. 1997) (*citing Younger v. Harris*, 401 U.S. 37 (1971)). Plaintiff's claims seeking this court to dismiss ongoing criminal charges do not state claims upon which this court can grant relief. With respect to plaintiff's claim of malicious prosecution, such a claim is not a federal constitutional tort so long as the state provides a remedy for such a claim, which Illinois does. Plaintiff is thus barred from raising such a claim in federal court. *See Newsome v. McCabe*, 256 F.3d 747, 750-51 (7th Cir.2001); *Bontkowski v. Smith*, 305 F.3d 757, 760 (7th Cir. 2002).

Accordingly, the court dismisses plaintiff's claims against Assistant State's Attorneys James Comroe and Maryanne Planey, plaintiff's claim of malicious prosecution, and plaintiff's request that this court dismiss pending state criminal charges. James Comroe and Maryanne Planey are terminated as parties to this action, and plaintiff's claims of malicious prosecution and seeking the dismissal of pending state criminal charges are dismissed.

Plaintiff may proceed with his claim of false arrest against Magnine and Ward. Although a more developed record may show that these claims are without merit, plaintiff's complaint sufficiently alleges false arrest claims to require a response from Magnine and Ward. *See Reynolds v. Jamison*, 488 F.3d 756, 764 -67 (7th Cir. 2007).

The United States Marshals Service is appointed to serve defendants Chicago Police Officers P. Magnine and Detective Ward. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve defendants with process. The Marshal is directed to make all reasonable efforts to serve defendants. With respect to any former employees who can no longer be found at the work address provided by plaintiff, Chicago Police Department officials shall furnish the Marshal with defendants' last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the prisoner correspondent. In addition, plaintiff must send an exact copy of any filing to defendants or, if represented by counsel, to counsel for defendants. plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the court or returned to plaintiff.

Plaintiff's motion for the appointment of counsel is denied at this time. Plaintiff has not shown that he has unsuccessfully attempted to obtain counsel or that he was prevented from obtaining counsel. *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004). Also, his case, at this early stage, does not involve complex issues or complex discovery. Appointment of counsel is not warranted at this time. *See Pruitt v. Mote,* 503 F.3d 647, 654-56 (7th Cir. 2007).