UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TONY FLOWERS, | ) | CASE NO. 07 C 6416 |
| | ) | |
| | ) | JUDGE CASTILLO |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE SCHENKIER |
| v. | ) | |
| | ) | |
| OFFICER PETER MAGNINE and | ) | |
| OFFICER THOMAS WARD, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT'S MOTION TO DISMISS

Defendants Peter Magnine and Thomas Ward by their attorney, Le'Ora Tyree, Assistant Corporation Counsel of the City of Chicago, and pursuant to Federal Rule of Civil Procedure 12 (b) (6) respectfully request this Court to dismiss Plaintiff's complaint, attached here as Exhibit A.[1] In support of this motion, Defendants state the following:

## STATEMENT OF THE CASE

Plaintiff has filed a one count complaint for false arrest. Because he pled guilty and was convicted of the underlying criminal charge, this case should be dismissed. On January 11, 2007, the Chicago Police Department received an emergency call from Renee Flowers who stated that she received telephone messages threatening her life from Plaintiff. Plaintiff who was then an inmate at

---

[1] Attached as Exhibit A.

Cook County Jail. Ms. Flowers then informed the reporting Officer that she had a court enforced Order of Protection, # CNN/06OP20314, against Plaintiff that expired in October 2008.

On January 13, 2007, Defendant Officers Detective Maginine and Detective Ward were assigned Ms. Flowers' case. After reading the aforementioned Order of Protection, the Detectives determined that the charge was court enforced and handed the matter over to the domestic court. After the court's investigation, on April 4, 2007, Plaintiff was arrested and charged with one count of a felony class Violation of a Protective Order. On March 14, 2008, Plaintiff pled guilty to the charge. Circuit Court Judge Linn James accepted a plea of guilty from Plaintiff for a felony class Violation of a Protective Order and sentenced Plaintiff to serve two years in prison.

Plaintiff's guilty plea to the felony violation of an Order of Protection pecludes his false arrest claim under 42 U.S.C. § 1983. <u>Ford v. Davis</u>, 878 F.Supp.1124, 1128. Plaintiff's precedent guilty plea renders his false arrest claim under 42 U.S.C. § 1983 not cognizable, unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus. <u>Heck v. Humphrey</u>, 512 U.S. 477, 489 (1994). Thus, this Court should dismiss with prejudice the false arrest claim alleged and in favor of the Defendant Officers.

## <u>STANDARD OF REVIEW</u>

The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide its merits. <u>Triad Associate v. Chicago Housing Authority</u>, 892 F.2d 583, 586 (7th Cir. 1989). In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), all of the well-pleaded factual allegations contained in the complaint will be accepted as true and construed in the light most favorable to the Plaintiff, as well as the reasonable inferences that may be drawn from those allegations. <u>White v. City of Markham</u>, 310 F.3d 989, 992 (7th Cir.2000), <u>Doherty v. City of Chicago</u>, et. al., 75 F.3d 318, 322 (7th Cir. 1996), <u>Mid America Title Co. v. Kirk</u>, 991 F.2d 417, 419 (7th Cir.

1993). Because federal courts require "notice pleading," this court must construe pleadings liberally, and the complaint need not specify the correct legal theory or statute. <u>Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit</u>, 507 U.S. 163, 113. <u>Bartholet v. reishauer A.G.</u>, 953 F.2d 1073, 1078 (7th Cir. 1992). Pro se complaints should be construed more liberally than others in relation to both their factual allegations and legal theories. <u>Nietzke v. Williams</u>, 490 U.S. 319, 330-31 n. 5, Chenh v. Logan, 42 F.3d 1391, 1391 (7th Cir. 1994). A complaint should not be dismissed unless it appears beyond a doubt that the Plaintiff cannot prove any set of facts upon which relief could be granted. <u>Cleveland v. Rotman</u>, 297 F.3d 569, 571 (7th Cir. 2002).

## ARGUMENT

**I.   Plaintiff's guilty plea  and ultimate conviction to violating a protective order collaterally estops him from asserting that Officers Magnine and Ward lacked probable cause, and thus bars Plaintiff's subsequent § 1983 claim against Officers for false arrest.**

In his complaint Plaintiff alleges that Officers Magnine and Ward lacked probable cause to arrest him and unlawfully charged him with violating an Order of Protection, # CNN/06OP20314. The foundation to any unlawful arrest claim under § 1983 is the absence of probable cause. Jones v. Webb, 45 F.3d 178, 181 (7th Cir. 1995). Plaintiff pled guilty and was convicted of the violating the Order of Protection, # CNN/06OP20314. Thus, Plaintiff's guilty pea and conviction collaterally estops him from reasserting a lack of probable cause. <u>Ford v. Davis</u>, 878 F.Supp.1124, 1128. (citing Currier v. Baldridge, 914 F.2d 993, 996 (7th Cir. 1990)). Accordingly, Plaintiff's false arrest claim under § 1983 should be dismissed. <u>Ford v. Davis</u>, 878 F.Supp.1124, 1128.

**II.   Plaintiff cannot bring a § 1983 claim for false arrest because Plaintiff's underlying conviction has not been reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.**

In his complaint, Plaintiff contends that he was falsely arrested on April 4, 2007, in violation of 42 U.S.C. § 1983. Arresting Officers Peter Magnine and Thomas Ward charged Plaintiff for a felony class Violation of a Protective Order. A certified statement of disposition in People of the State of Illinois v. Tony Flowers, 07 CR 0843401,[1] shows that on March 14, 2008, Plaintiff pled guilty to a felony class Violation of a Protective Order, which the Court accepted and entered. Plaintiff's claim for false arrest is therefore barred by Heck v. Humphrey, 512 U.S. 477 (1994), which prohibits a convicted individual from seeking damages under 42 U.S.C. § 1983 on any theory that implies the individual's conviction was invalid, without first getting the conviction reversed, expunged, invalidated, or impugned by the grant of habeas corpus.

In Heck, the court held "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by federal court's issuance of a writ of habeas corpus, 28 USC § 2254. Id. at 486-487. Thus, a claim for damages by a plaintiff where his/her conviction or sentence has not been invalidated is not cognizable under § 1983. The issue in Heck was whether a state prisoner may challenge the constitutionality of his conviction in a suit for damages under 42 U.S.C. § 1983. Id. at 478. The Heck court analogized a § 1983 wrongful conviction or imprisonment claim to the common law tort of malicious prosecution, where the cause of action for malicious prosecution does not accrue until the criminal proceedings have been terminated in the plaintiff's favor. Id at 484. The requirement of having plaintiff prove that the prior criminal proceeding has been invalidated is rooted in the "strong judicial policy against the creation

---

[1] Attached as Exhibit B.

of two conflicting resolutions arising out of the same identical transaction." Id. The rule is intended to prevent "collateral attack on [a] conviction through the vehicle of a civil suit." Id. Therefore, the court in Heck denied the existence of a cause of action under § 1983 where the conviction or sentence had not been reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus. Id. at 489.

In applying the Heck analysis, this court may take judicial notice of Plaintiff's guilty plea and conviction. In considering a motion to dismiss, a court may take judicial notice on public record. Palay v. U.S., 349 F.3d 418, 422 (7th Cir. 2003). The court may do so without converting the motion to dismiss into a motion for summary judgment. Doherty v. City of Chicago, 75 F.3d 318, 324 (7th Cir. 1994); citing, Mack v. South Bay Beer Distribution Co., 798 F.2d 1279, 1282 (7th Cir. 1986). In this case, Plaintiff's complaint specifically requests that this court dismiss the criminal case against him by finding that he was falsely arrested. If this court found in favor of Plaintiff on the false arrest claim, it would necessarily invalidate his precedent criminal conviction and sentence. An appellate court has not reversed this criminal conviction; nor has Plaintiff received any other indication, from any other source, that this conviction has been set aside. Plaintiff was sentenced to the Illinois Department of Corrections for two years. Completion or fulfillment of any subsequent obligations regarding Plaintiff's sentence does not reversed, expunged, or invalidated the conviction. Because Plaintiff has failed to get his conviction reversed, invalidated, or expunged, his claim of false arrest is not cognizable under 42 U.S.C. § 1983. Accordingly, Plaintiff's § 1983 claim for false arrest should be dismissed.

## CONCLUSION

Plaintiff's precedent guilty plea, conviction, and sentence to a criminal charge which resulted from the same incident and arrest bars his § 1983 claim for false arrest and unless and until said

conviction is set aside or invalidated. Because Plaintiff has failed to get his conviction reversed,

expunged, or invalidated, his false arrest claim in not cognizable under § 1983.

WHEREFORE, Defendant Officers Magnine and Flowers respectfully pray this court grant their

motion to dismiss Plaintiff's complaint.

**Dated: July 28, 2008**

                                                    Respectfully submitted,

                                                    /s/ Le'Ora Tyree
                                                    Le'Ora Tyree
                                                    Assistant Corporation Counsel
                                                    Attorney for Defendant Officers

30 N. LaSalle Street
Suite 1020
Chicago IL., 60602
Atty. No. 6288669

## CERTIFICATE OF SERVICE

I, Le'Ora Tyree, an attorney, certify that I have caused a true and correct copy of

Defendant Motion to Dismiss to be served via e-filing delivery July 28, 2008 to:

      **Tony Flowers**
      #2006-0083015
      Cook County Jail
      P.O. Box 089002
      Chicago, IL 60608

                                                    /s/ Le'Ora Tyree
                                                    Le'Ora Tyree
                                                    Assistant Corporation Counsel
                                                    Attorney for Defendant Officers

30 N. LaSalle Street
Suite 1020
Chicago IL., 60602
Atty. No. 6288669